962 F.2d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Everett M. WOODSON, Defendant-Appellant.
 No. 90-10559.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1992.*
Decided May 6, 1992.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Everett Woodson was convicted of twelve counts of sexual abuse in violation of 18 U.S.C. §§ 2241 and 2244. He appeals, arguing that the district court should have suppressed his written confession because it was obtained in violation of his Miranda rights. We affirm.
 
 I.
 
 3
 Woodson's single argument on appeal is that his Miranda waiver did not extend to questioning after the polygraph examination had ended.[1] As a result, he argues that his confession was obtained in violation of Miranda and should have been suppressed. This issue falls under the "knowledge and awareness" prong of the test for Miranda waivers. See Derrick v. Peterson, 924 F.2d 813, 821 (9th Cir.1990), cert. denied, 112 S.Ct. 1161 (1991). We review for clear error the district court's determination that Woodson knew that the waiver extended to post-polygraph questioning. Id.
 
 II.
 
 4
 The district court applied a totality of the circumstances test and found that Woodson's Miranda waiver, viewed in conjunction with the Polygraph Consent form, extended to the post-polygraph questioning. This finding is not clearly erroneous.
 
 
 5
 The district court relied primarily on Wyrick v. Fields, 459 U.S. 42 (1982). There, the Supreme Court held that the police do not always need to give a fresh set of Miranda warnings after completing the instrument portion of a polygraph test in order to initiate further questioning. Id. at 47. Instead, the need for new warnings depends on the totality of the circumstances. Id. In Wyrick, the police did not need to repeat the Miranda warnings because the defendant "validly waived his right to have counsel present at 'post-test' questioning." Id. at 47. The broad language contained in pre-polygraph waivers was particularly helpful:
 
 
 6
 If you are now going to discuss the offense under investigation, which is rape, with or without a lawyer present, you have a right to stop answering questions at any time ... even if you sign a waiver certificate.
 
 
 7
 Id. at 44. The Court also stressed that the defendant "had been informed that he could stop the questioning at any time, and could request at any time that his lawyer join him. Merely disconnecting the polygraph equipment could not remove this knowledge from [the defendant's] mind." Id. at 47-48. Finally, the Court found that it would be unreasonable for both the defendant and his attorney to assume that he "would not be informed of the polygraph readings and asked to explain any unfavorable result." Id.
 
 
 8
 The district court found that the circumstances in this case were similar to those in Wyrick. We agree. Like the defendant in Wyrick, Woodson signed a pre-polygraph Miranda waiver and confessed during post-polygraph questioning. Moreover, the Miranda waiver in this case contains language that is strikingly similar to that in Wyrick:
 
 
 9
 If I am now willing to discuss the offense(s) under investigation, with or without a lawyer present, I have a right to stop answering questions at any time, or speak privately with a lawyer before answering any further, even if I sign the waiver.
 
 
 10
 In fact, we believe that this case is slightly stronger than Wyrick because Woodson signed not only a Miranda waiver, but also a polygraph consent form. That form stated, in part,
 
 
 11
 that questioning may occur before, during and after the instrument portion(s) of the polygraph examination ... [and] that the polygraph examination will not be conducted without my voluntary consent and even though I am now giving my consent, I can withdraw it a [sic] time and the examination will be stopped.
 
 
 12
 Woodson initialed these statements. As in Wyrick, we find it difficult to believe that Woodson did not understand that he would be questioned after the polygraph examination had ended.
 
 
 13
 The clearly erroneous standard assigns "primary responsibility for resolving factual disputes" to the district court because it is in a superior position to "evaluate and weigh the evidence." United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.), cert. denied, 469 U.S. 824 (1984). The district court heard the testimony and evaluated the credibility of the witnesses. We cannot say that the district court's finding was clearly erroneous.[2]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Woodson was in custody for purposes of Miranda. United States v. Gillyard, 726 F.2d 1426, 1429 (9th Cir.1984)
 
 
 [2]
 Contrary to Woodson's contentions, United States v. Gillyard, 726 F.2d 1426 (1984), does not demand a different result. In that case, we held that the district court did not clearly err in finding that the defendant did not understand his waiver to extend to post-polygraph questioning. As we intimated, the holding was a product of the lenient standard of review. Id. at 1429-30. While we acknowledged that the district court might have ruled differently, we nonetheless held that "[b]ased on the record we cannot say that the district court's decision was clearly erroneous." Id. at 1430